<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHERINE O'BOYLE, et al, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 08-553 |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| DAVID L. BRAVERMAN, et al, | : | |
| Defendants. | : | |

<u>**RODRIGUEZ**</u>, Senior District Judge

This matter comes before the Court on Defendants' Motion for an Order to Show Cause pursuant to L. Civ. R. 65.1 and for a permanent injunction pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283 ("AIA"). At issue is whether Plaintiffs' counterclaims in a Pennsylvania lawsuit initiated by Defendants are identical to claims previously dismissed by this Court and, if so, whether this Court should enjoin Plaintiffs from pursuing those counterclaims in state court. Oral arguments were heard on Thursday, February 23, 2012, and the Court has considered the written submissions of the parties. For the reasons stated below, Defendants motion will be denied.

<u>**Background**</u>

The factual background of the original action need not be extensively recalled for the purposes of the present Motion. Plaintiffs Catherine and Martin O'Boyle ("the O'Boyles") originally brought this action based on allegations of malpractice against Defendants David L. Braverman and associated law firms, some of which have operated under different names in the time periods relevant to this case ("BK" or, collectively,

"Defendants"). The suit related to litigation that took place in Tennessee in which BK acted as counsel for Plaintiffs (the "Tennessee Action"). Some time after this case was dismissed by this Court, BK filed an action against the O'Boyle's in the Court of Common Pleas, Philadelphia County, Pennsylvania, alleging breach of contract and claims related to non-payment of attorney's fees (the "Pennsylvania Action"). The O'Boyles have pleaded affirmative defenses as well as counterclaims against BK in which they allege, among other things, malpractice. Defendants assert that the O'Boyles' counterclaims are identical to their malpractice claims that were dismissed by this Court.

According to Defendants, Plaintiffs' Pennsylvania counterclaims were filed after the deadline in which to file pretrial motions in the Pennsylvania Action, and, at the time of this motion, Defendants had been unsuccessful in their attempts to extend the time period in which to file such motions. As such, Defendants had not been able to file their intended motions for summary judgment and/or judgment on the pleadings. Defendants did file preliminary objections to the counterclaims before the Pennsylvania court, arguing that the claims were barred by res judicata, but the objections as to the counterclaims were overruled by Judge Sheppard, who has since passed away. Defendants subsequently made motions in the Pennsylvania court for special relief in order to file their desired pre-trial motions but were denied. In a letter dated March 7, 2012, after oral arguments were held on this matter, Defendants informed the Court that they have now been granted leave to file a motion for summary judgment in the Pennsylvania Action, but wish to maintain their motion before this Court.

On January 25, 2012, Defendants filed the present emergency motion pursuant to L. Civ. R. 65.1 seeking an Order to Show Cause and a permanent injunction pursuant to

the AIA. The Court issued the Order to Show Cause and held oral arguments on February 23, 2012. The Court initially denied Defendants' motion for a permanent injunction without prejudice pending the outcome of the show-cause hearing.

This matter was originally filed in the Superior Court of New Jersey, Atlantic County, on December 14, 2007 and removed by Defendants on January 31, 2008. Defendants moved to dismiss on statute of limitations grounds on March 14, 2008. This Court granted the motion to dismiss on August 12, 2008, finding that (1) Tennessee law governed Plaintiffs' malpractice claims and (2) under Tennessee law, Plaintiffs' claims were time-barred. Plaintiffs appealed to the Court of Appeals for the Third Circuit, which affirmed this Court's decisions that Tennessee law applied and that Plaintiffs' claims were barred by the statute of limitations. Plaintiffs then petitioned the Supreme Court of the United States for a writ of certiorari, which was denied.

## Discussion

### I. The Anti-Injunction Act

Originally enacted in 1793, the Anti-Injunction Act provides that

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 . The Supreme Court has observed that the Act "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988). Its "core message is one of respect for state courts." Smith v. Bayer Corp.,  131 S. Ct. 2368, 2375 (2011). As such, "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts,

with relief from error, if any, through the state appellate courts and ultimately" the U.S. Supreme Court. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970). Courts should resolve any doubts as to the propriety of an injunction in favor of allowing the state court to proceed with the case. Id. at 297. The prohibition against issuing such an injunction is broad and allows for only three statutory exceptions which "should not be enlarged by loose statutory construction." Id. Thus, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." Id.

At issue in this case is the third exception, which permits a federal court to enjoin state proceedings "where necessary . . . to protect or effectuate its judgments." 28 U.S.C. § 2283. This exception is known as the "relitigation exception." It "is founded in the well-recognized concepts of *res judicata* and collateral estoppel." Chick Kam Choo, 486 U.S. at 147. Such concerns are tempered, however, by the fact that "a court does not usually get to dictate to other courts the preclusion consequences of its own judgment." Smith v. Bayer, 131 S. Ct. at 2376 (citation omitted). Rather, the determination as to "whether and how prior litigation has preclusive effect is usually the bailiwick of the second court." Id. The Supreme Court has further cautioned that the exception authorizes a federal injunction "only 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986) (citation omitted). In addition, the relitigation exception is subject to an essential, strict and narrow prerequisite, in that "the claims or issues

4

which the federal injunction insulates from litigation in state proceedings [must] actually have been decided by the federal court." <u>Chick Kam Choo</u>, 486 U.S. at 148.

## II. Analysis

Defendants argue that the O'Boyles' counterclaims are "identical" to the malpractice claims alleged in the action before this Court (the "New Jersey Action"). Defendants further argue that they will be "irreparably harmed . . . by being put to the effort and expense of defending these claims, by suffering the risk of inconsistent judgments, and by having its reputation dragged through the mud by Mr. O'Boyle in his never-ending quest to harass BK in the guise of enforcing his stale and previously-determined (purported) claims." (Def.'s Br. 2.) In addition, Defendants stress that they are not asking this Court to enjoin the Philadelphia court; rather, they are seeking an injunction directed solely at the O'Boyles.[1] Defendants also make clear that they are not seeking to dismiss Plaintiffs' affirmative defenses.

Defendants originally alleged that procedural issues outside of their control had prevented them from successfully obtaining dismissal of Plaintiffs' state court counterclaims. At oral argument, Defense counsel asserted that it seemed that the Philadelphia court was not going to allow Defendants the time to file for summary judgment. As such, because they will be "irreparably harmed" by having to defend against these claims at trial, and because these claims are barred by res judicata, Defendants argue that this Court should enjoin the O'Boyles' attempt to litigate their

---

[1] Though BK makes this point, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties . . . ." <u>Atlantic Coast Line R. Co.</u>, 398 U.S. at 287.

state court counterclaims. As noted above, since the filing of Defendants' motion, the Pennsylvania court has granted Defendants the opportunity to move for summary judgment in that action.

The O'Boyles primarily argue that their counterclaims are not identical to the issues brought before this Court. According to Plaintiffs, the only issue this Court considered was whether their malpractice claim was time barred under Tennessee law; the Court never decided the underlying merits, or whether Pennsylvania law governed the malpractice claims.[2] During oral argument, Plaintiffs' counsel argued that Plaintiffs are alleging recoupment as a defense in the Pennsylvania Action, and that they must allege that malpractice occurred in support of that defense.[3] Plaintiffs further argue that Defendants have sought to have the counterclaims dismissed in the Pennsylvania court and have failed to do so, and that Defendants' attempt here to seek an injunction is merely an attempt to by-pass the Pennsylvania court. During oral argument, Plaintiffs' counsel argued that the res judicata issue was fully briefed before the Pennsylvania court

---

[2] As to the issue of whether the Court decided the merits, "[a] dismissal on statute of limitations grounds is a dismissal on the merits for res judicata purposes." Taggart v. Chase Bank USA, N.A., 375 Fed. Appx. 266, 268 (3d Cir. 2010). As to whether or not the Court decided whether Pennsylvania law applied to Plaintiffs' claims, the Court concluded that Tennessee law applied, which precludes the possibility that another state's law applies. See Chick Kam Choo, 486 U.S. at 150 (district court's earlier decision that Singapore law controlled was "a decision that necessarily precludes the application of Texas law"). In addition, the Court noted in its Opinion dismissing Plaintiffs' malpractice claim that it "highly doubts" that Pennsylvania law applies.

[3] In response, Defendants argue that recoupment acts as a set-off, which may be applied to some or all of the damages Defendants seek in the Pennsylvania Action. Plaintiffs, however, are seeking damages, not merely a set-off, and are therefore stating a claim for relief. Defendants again asserted that they do not seek to enjoin the assertion of any defenses of any kind.

in Defendants' preliminary objections, which Judge Sheppard denied. Plaintiffs argue that it would be inappropriate for this Court to act as an appellate court over the Pennsylvania court.

At oral argument, the Court expressed concern over the lack of clarity as to what Judge Sheppard decided in overruling Defendants' preliminary objections, which Defendants assert are, in Pennsylvania practice, the equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b). The court issued a stand-alone order without an opinion, and this Court raised concerns of the possible res judicata or preclusive effect of the Pennsylvania court's possible decision as to whether Plaintiffs' counterclaims were barred by res judicata. The Court therefore requested briefing from the parties as to the applicability of Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1986), which neither party had addressed in the moving papers.

Parsons Steel addressed the tension that may arise between the Anti-Injunction Act and the Full Faith and Credit Act ("FFCA"). There, the Supreme Court discussed the relationship between the AIA's relitigation exception and the federal courts' obligations under the FFCA. In that case, simultaneous actions proceeded in both state and federal court concerning the same relations between the parties. The federal district court reached judgment first and the Alabama state court later arrived at a different outcome–after deciding that res judicata, premised on the district court's judgment, did not bar the state action. The district court then issued an injunction pursuant to the relitigation exception. The Court of Appeals affirmed, but did not consider the effect of the state court's ruling as to the res judicata issue.

The Supreme Court reversed, holding that federal courts must give the "same

7

preclusive effect to a state-court judgment as another court of that State would give."
Parsons Steel, 474 U.S. at 523. The Court observed that the majority on the Court of
Appeals "declined to consider the possible preclusive effect, pursuant to the Full Faith
and Credit Act . . . of the state court's determination after full litigation by the parties
that the earlier federal-court judgment did not bar the state action." Id. The Court
explicitly rejected the notion that "'the relitigation exception empowers a federal court to
be the final adjudicator as to the res judicata effects of its prior judgments on a
subsequent state action.'" Id. at 522 (citation omitted). Reconciling the AIA and the
FFCA can be accomplished, the Court held, "simply by limiting the relitigation exception
of the Anti-Injunction Act to those situations in which the state court has not yet ruled
on the merits of the res judicata issue." Id. at 524. "Once the state court has finally
rejected a claim of res judicata, then the Full Faith and Credit Act becomes applicable
and federal courts must turn to state law to determine the preclusive effect of the state
court's decision." Id.

        The Court went on to distinguish a case where the party prevailing in the federal
action sought an injunction as soon as the opposing party commenced the state action,
and before there was any resolution of the res judicata issue by the state court. Id.
Parsons Steel was distinguishable, the Court found, because the respondents "chose to
fight out the res judicata issue in state court first, and only after losing there did they
return to federal court for another try." Id. The Court then concluded that

> Even if the state court mistakenly rejected respondents' claim of res judicata,
> this does not justify the highly intrusive remedy of a federal-court injunction
> against the enforcement of the state-court judgment. Rather, the Full Faith
> and Credit Act requires that federal courts give the state-court judgment, and
> particularly the state court's resolution of the res judicata issue, the same

8

> preclusive effect it would have had in another court of the same State. Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court.

Parsons Steel, 474 U.S. at 525. The question arose, then, as to whether or not the Pennsylvania court had ruled on the merits of the res judicata defense where it overruled Defendants' preliminary objections in which Defendants raised and argued the res judicata issue.

In compliance with the Court's request, the parties supplied supplemental briefing as to Parsons Steel. Defendants provided a thorough analysis of the case and its applicability and argued that Judge Sheppard's order does not have preclusive effect and is not a final judgment on the merits with respect to the res judicata issue under Pennsylvania law. Even assuming this to be true,[4] however, the Court finds that an injunction under the AIA's limited authority is not necessary to protect and effectuate its earlier judgment and that such an injunction would be inappropriate.

The Court recognizes that the pendency of BK's motion for summary judgment in the Pennsylvania Action does not preclude this Court from issuing an injunction if it were necessary.[5] BK, however, originally filed this motion in large part because it had been prevented from seeking dismissal of the O'Boyles' counterclaims in the Pennsylvania Action because BK was not afforded the opportunity to move for summary

---

[4] The Court makes no ruling on this issue.

[5] See e.g., Atlantic Coast Demolition and Recycling, Inc. v. Bd. of Chosen Freeholders of Atlantic County, 988 F. Supp. 486, 495 (D.N.J. 1997) (court may enjoin state proceedings at any point in time "from the institution to the close of the final process" (citing Hill v. Martin, 296 U.S. 393, 403 (1935)).

judgment. BK now possesses that opportunity, and has now, apparently, twice forwarded its arguments with respect res judicata before the Pennsylvania court.[6] Thus, the process before that court–in particular, as to the res judicata issue–is in motion, and the Supreme Court has made clear that, generally speaking, that process should be allowed to continue and if necessary forwarded through the state's appellate process. Atlantic Coast Line R. Co., 398 U.S. at 287. The Court has misgivings about interfering in the state court action given the totality and uncertainty of the procedural posture of that case. "[I]ssuing an injunction under the relitigation exception is resorting to heavy artillery." Smith v. Bayer Corp., 131 S. Ct. at 2376. Resolving doubts as to the propriety of the injunction in favor of allowing the state court to proceed, as it must, the Court elects not to pull out the big guns. Due at least in part to the fact that Defendants are now able to move for summary judgment, and their inability to do so having been a principal factor in their making this motion, the Court declines to issue a highly intrusive injunction in this case.

---

[6] The Court further notes that Defendants will likely be required to litigate against Plaintiffs' contentions of malpractice in order to overcome Plaintiffs' affirmative defenses, particularly that of recoupment. Defendants therefore have a difficult argument to make as to their being put to the expense of litigating the O'Boyles' claims where here, unlike relitigation cases involving two-time plaintiffs, it was BK who brought the suit in the Pennsylvania Action and likely will litigate many of these issues with or without an injunction from this Court.

## **Conclusion**

The Court having considered the written submissions of the parties, and having

heard oral arguments on the matter, and for the reasons stated above,

IT IS on this 19th day of March, 2012 hereby ORDERED that the motion for

permanent injunction is DENIED.

___/s/Joseph H. Rodriguez_____
Hon. Joseph H. Rodriguez
United States District Judge
